IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROOSEVELT LOUIS HOLLEY,
    Plaintiff,

vs.                                             Case No.:  3:15cv389/LAC/EMT

LOUISE BOSSERT, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Roosevelt Louis Holley ("Holley"), proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint, pursuant to 42 U.S.C. § 1983 (ECF No. 1).  The matter is now before the court on Holley's First Amended Complaint (ECF No. 13).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this case should be dismissed because Plaintiff has not stated, and cannot state, a plausible claim for relief against any Defendant.

I.      BACKGROUND

Holley was an inmate of the Escambia County Jail ("Jail") at all times relevant to this action (*see* ECF No. 13). He names the following five Defendants: (1) Trinity Food Service, a private contractor which provides food service to the Jail; (2) David Morgan, Sheriff of Escambia County; (3) Louise Bossert, a food service worker employed by Trinity; (4) Jane Doe, a supervisor employed by Trinity; and (5) John Doe, a Shift Supervisor employed by the Sheriff's Office (*id.* at 1–3, 6).[1] Holley alleges that on August 30, 2013, Defendant Bossert ordered him to go inside the freezer/cooler and retrieve some items (*id.* at 6). Holley alleges he entered the cooler and retrieved the items, and when he attempted to leave, Bossert told him to close the cooler door (*id.*). Plaintiff alleges he complied with Bossert's order, and she kissed him, stating "That's for your birthday, birthday boy." (*id.*). Holley alleges that on another occasion prior to August 30, 2013, Bossert grabbed his buttocks and touched him on the chest in a provocative manner (*id.*).

Holley claims that Bossert's sexual misconduct violated his constitutional rights to due process, equal protection, and "to be free from unreasonable non-consensual inappropriate touching and propositions" (ECF No. 13 at 8). He asserts Jane Doe is liable for Bossert's conduct, because she was Bossert's supervisor and was not present

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

or properly supervising Bossert at the time of Bossert's alleged misconduct (*id.* at 6–7). Holley brings state law negligence claims against Trinity Food Service, Sheriff Morgan, and John Doe (*id.*). Holley asserts John Doe was negligent for failing to assign a correctional officer to supervise the Trinity Food Service employees, and Sheriff Morgan was negligent by failing to ensure the safety of inmates and Trinity Food Service employees (*id.* at 7). Holley seeks monetary relief for psychological damages he suffered as a result of Bossert's alleged misconduct, including "personal humiliation, mental anguish, loss of wife due to belief of infidelity," and "excessive damages" (*id.* at 8).

II.  DISCUSSION

    A.  <u>Federal Claims</u>

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also* Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

Holley's allegations fail to state a plausible constitutional violation against any Defendant. Holley's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment. *See, e.g.*, Kingsley v. Hendrickson, — U.S. —, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015). A pretrial detainee may be subjected to the restrictions and conditions of the detention facility so long as those conditions do not amount to punishment or otherwise violate the Constitution. *See* Bell v. Wolfish, 441 U.S. 520, 536–37, 99 S. Ct. 1861, 60 L. Ed.

2d 447 (1979). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* at 537. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." *Id.* at 539. Conversely, "if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* (citation omitted).

The Eleventh Circuit, joining other circuits, has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Constitution. *See* Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006); *see also* Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999) (same); Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); Boddie v. Schnieder, 105 F.3d 857, 860–61 (2d Cir. 1997). "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." Boddie, 105 F.3d at 861 (citation and quotation omitted).

However, the alleged condition must be objectively serious enough to amount to a constitutional deprivation. *See* Bell, 441 U.S. at 539 n.21 ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); Boxer X, 437 F.3d at 1111; *see also* Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002); Cnty. of Sacramento v. Lewis, 523 U.S. 833, 848, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (even though a trivial use of force may be cognizable under state tort law, "the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States").

Here, Holley's allegations that Defendant Bossert kissed him on one occasion, and grabbed his buttocks and touched him on the chest in a provocative manner prior to that, do not plausibly suggest more than a de minimis imposition. Therefore, his Fourteenth Amendment due process claim against Bossert should be dismissed for failure to state a claim upon which relief can be granted. *See, e.g.*, Boxer X, 437 F.3d at 1111 (female prison guard's alleged solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, did not present more than de minimis injury, and therefore did not give rise to a claim under the Eighth Amendment); *see also, e.g.*, Moton v. Walker, 545 F. App'x 856, 860 (11th Cir. 2013) (unpublished) (even if defendant prison guard lacked a legitimate penological purpose in conducting

a strip search of plaintiff inmate, and guard's alleged smile revealed a "subjectively culpable state of mind," there was no evidence that inmate suffered any injury that was objectively more than de minimis) (citing Boxer X, 437 F.3d at 1111); Washington v. Harris, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished) (inmate's allegations that he suffered momentary pain, "psychological injury," embarrassment, humiliation, and fear after he was subjected to officer's offensive and unwanted touching were de minimis injuries which did not rise to the level of constitutional harms, and although officer's conduct was inappropriate and vulgar, it was not repugnant to humanity's conscience); Jackson v. Madery, 158 F. App'x 656, 661–62 (6th Cir. 2005) (unpublished) (allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); Joseph v. U. S. Fed. Bureau of Prisons, 232 F.3d 901, 2000 WL 1532783, at *1–2 (10th Cir. 2000) (unpublished) (no Eighth Amendment violation stated where plaintiff alleged prison official "touched him several times in a suggestive manner and exposed her breasts to him"); Boddie, 105 F.3d at 861 (a few incidents involving verbal harassment, touching, and pressing without consent are not sufficiently serious to establish Eighth Amendment violation); Jones v. Culinary Manager II, 30 F. Supp. 2d 491, 493, 497–98 (E.D. Pa. 1998)  (allegation that guard pinned plaintiff to box,

ground his pelvis against plaintiff's buttocks, and threatened sex was not sufficiently serious to be an Eighth Amendment violation); <u>Bonner v. Hall</u>, No. 3:11cv5/MCR/CJK, 2012 WL 5357275, at *3 (N.D. Fla. Oct. 1, 2012) (unpublished) (allegations that correctional officer asked to see inmate's penis, followed by the officer's licking his lips, does not indicate anything more than a de minimis injury and thus fails to state a constitutional claim), *Report and Recommendation Adopted by* 2012 WL 5357188 (N.D. Fla. Oct. 30, 2012) (unpublished); <u>Allen v. McDonough</u>, No. 4:07cv469/RH/GRJ, 2011 WL 4102525, at *5–6 (N.D. Fla. Aug. 17, 2011) (unpublished) (officer's making sexual comments and gesture to inmate during inmate's shower did not rise to the level of an Eighth Amendment violation), *Report and Recommendation Adopted by* 2011 WL 14103081 (N.D. Fla. Sept. 14, 2011) (unpublished); <u>Robinson v. Davis</u>, No. 3:06cv403/RV/EMT, 2009 WL 153162, at *13 (N.D. Fla. Jan. 22, 2009) (unpublished) (defendant officer's one-time touching of inmate's rear, even when combined with a threat of sexual battery, was not objectively harmful enough to establish an Eighth Amendment violation).

Additionally, Holley's allegations fail to state a plausible equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *See* <u>City of Cleburne v. Cleburne</u>

Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted). Thus, in order to assert a viable equal protection claim, a plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). The plaintiff must also allege that the defendant acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987). The Equal Protection Clause is also implicated in "class of one" claims. Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). A "class of one" equal protection claim does not allege discrimination

against a protected class, but rather it alleges that the plaintiff "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"  Griffin Indus. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007), quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).  The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination.  *Id.* at 1204–05.  Indeed, the "similarly situated" requirement must be rigorously applied in the context of "class of one" claims.  *See* Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1306 (11th Cir. 2009).

Here, Holley does not allege he was similarly situated with other prisoners who received more favorable treatment than he.  Therefore, he failed to state a plausible equal protection claim.

With regard to the supervisory Defendants, because Holley's allegations fail to state a plausible constitutional violation as to Defendant Bossert, he necessarily cannot state a basis for liability under § 1983 as to Bossert's supervisors.  *See* Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013) ("But a supervisor may not be held liable under section 1983 unless the supervised official committed an underlying

violation of a constitutional right."); Rooney v. Watson, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred.").

Moreover, 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citation omitted). Where a prisoner plaintiff alleges constitutional violations, he is prevented under § 1997e(e) from seeking punitive or compensatory damages in the absence of a physical injury or the commission of a "sexual act" as defined in 18 U.S.C. § 2246. Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011)); *see also* Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011) (noting that Napier court, by affirming dismissal of Napier's entire claim, "concluded, albeit *sub silentio*, that Napier's punitive claim was

barred by § 1997e(e) just as much as his compensatory claim."). Nominal damages, however, may still be recoverable. Smith, 502 F.3d at 1271.

With regard to "physical injury" as used in § 1997e(e), in order to avoid dismissal, a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002). In Harris v. Garner, the Eleventh Circuit stated, "We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant." 197 F.3d 1279, 1286 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part en banc*, 216 F.3d 970 (11th Cir. 2000). Under binding circuit precedent, this court therefore must "fus[e] the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment." *Id.*

Here, Holley does not allege that a "sexual act," as defined in 18 U.S.C. § 2246, occurred.[2] Further, his factual allegations do not suggest he suffered any physical injury as a result of Defendant Bossert's kissing him, grabbing his buttocks, and touching his chest. Therefore, Holley may not recover compensatory or punitive damages for psychological injury he suffered as a result of the alleged constitutional violation, which is the only relief he seeks in this lawsuit.

B.   State Law Claims

It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See* Baggett v.

---

[2] Section 2246 defines "sexual act" as:

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2).

First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See* Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claim asserted by Holley should be dismissed to permit him to pursue it in a more appropriate forum. While it would be convenient for Holley to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases

awaiting review, and neither judicial economy nor fairness to other litigants supports retaining jurisdiction of Holley's state claims and delaying justice in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.  Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); Personalized Media Commc'ns, LLC v. Scientific-Atlantic, Inc., 493 F. App'x 78, 82 n.1 (11th Cir. 2012) ("'Section 1367(d), giving the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction, removes the principal reason for retaining a case in federal court when the federal claim belatedly disappears.'") (citation omitted).  In Krause v. Textron Fin. Corp., 59 So. 3d 1085 (Fla. 2011), the Supreme Court of Florida held that Florida state law claims are tolled while they are pending in federal court, and the plaintiff shall have thirty days after dismissal by the federal court to re-file in state court.  *See id.* (citing 28 U.S.C. § 1367).  This is specifically "to prevent the limitations period from expiring" on the Florida state law claim while it is being pursued in federal court in conjunction with the federal claim.  *Id.* at 1091.  Therefore, Holley's pursuit of any

state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Plaintiff Holley's federal claims be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That Plaintiff's state law claims be **DISMISSED without prejudice** to his pursuing them in state court;

3. The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 19th day of January 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No: 3:15cv389/LAC/EMT